## In re TUDOR.

(District Court, D. Colorado. January 15, 1900.)

BANKRUPTCY—REQUIRING SURRENDER OF PROPERTY BY BANKRUPT.

Where a bankrupt is shown to have had in his possession money which constitutes a part of his estate in bankruptcy, but has failed to surrender the same to his trustee, the court, in determining what sum he should be ordered to pay over to the trustee, may allow him credit for so much as he has spent in the reasonable cost of his living, if he has conducted himself economically and properly, but will not allow him to deduct sums spent in a debauch, nor in journeying to a remote place in search of employment.

In Bankruptcy.

On the examination of the bankrupt, William M. Tudor, it was found that he had in his possession the sum of $2,106.44, which belonged to his estate in bankruptcy, and the referee ordered him to pay that amount to his trustee in bankruptcy. For failure to obey this order he was committed to jail, as for contempt of court, until he should comply. 96 Fed. 942. On a subsequent hearing, still denying that he had the money in his possession, he attempted to account for its disappearance in the manner indicated in the following opinion, and now brings a petition for review of the decision of the referee fixing the amount which he should be required to surrender for the use of his creditors.

Bicksler, McLean & Bennett, for petitioning creditors.
John H. Gabriel, for bankrupt.

HALLETT, District Judge. A bankrupt should have the disposition to comply with the law candidly to account for his property. The law requires it. He is entitled to fair consideration from the court and its officers. The case is very different where the bankrupt is contumacious, as this man was in the first instance, and as he probably has been in some degree all along. In that case, where the bankrupt fails to testify fully and fairly and truthfully, the court or the referee is at liberty to accept his testimony as it may seem to be supported by other witnesses. If, at any point, it is found that his testimony is unworthy of credit, it may be rejected altogether. This man has not been in the attitude to have his testimony accepted. If, after the failure of his business, he chose to come to Denver, then to go upon a spree, nobody is surprised; but the court is not obliged to allow him all the money that he expends in that spree. Whatever money he expends in that way he may be called upon to refund. So, if he chooses to make a journey to Cincinnati for the purpose of finding a position, no court is bound to allow him the expenses of such a journey. He may have concluded that a good place for him to seek employment would be in China or the Philippine Islands, and he would go there to renew his fortunes. So, also, as to his going to Cincinnati, and preparing for that journey; the referee is not required to allow expenses for that. It is not true that a bankrupt failing in business is at liberty to go on and spend money as seems to him either expedient or necessary. If he does conduct himself economically, quietly, and properly, the court would undoubtedly allow him the reasonable expense and cost of living. If he fails in that, he cannot claim indulgence as to his vices or his habits of living.

I do not care to go into this testimony to find whether one of these items or another has been properly disallowed. I am not called upon in behalf of a man in the situation of this man, who has conducted himself as he has, to scrutinize his testimony to the last item to find out whether there is any dollar or cent yet to be accounted for. The court is not engaged in that business. People who pursue such a course as this must know that they do it at their peril; that the law of the land does not uphold them in such practices. I have no doubt but that the referee in this instance is fully within the law as to the amounts which this man should be required to pay over for the use of his creditors. I think, therefore, that the finding of the referee may be approved.